IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-CR-11-MN-2 |
| | ) |
| RITA ASSANE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington, this 24th day of January 2025;

On February 1, 2024, the Court sentenced Defendant Rita Assane ("Defendant") to 24 months imprisonment for her role in laundering millions of dollars on behalf of a Nigerian-based criminal organization that left numerous victims in its wake. Less than six months into her sentence, and with no demonstrated material change in circumstances, Defendant moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(l)(A)(i) arguing that she is the only available caregiver for her minor child and mother.

The statute applicable to this motion, 18 U.S.C. § 3582(c), provides:

> (c) **Modification of an Imposed Term of Imprisonment**. The court may not modify a term of imprisonment once it has been imposed except that –
>
> (1) in any case –
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after

>> considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). Further, there is an application note that provides:

> 1. Extraordinary and Compelling Reasons. Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.
>
>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
>> (ii) The defendant is –

> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant. The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.
>
> > (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> >
> > (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons. As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G § 1B1.13, Applic. Note 1.

"The defendant has the burden to show [s]he is entitled to a sentence reduction." *United States v. Ebbers*, 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020). To obtain relief under section 3582(c)(1)(A)(i), Defendant must show that (1) he has met the exhaustion requirement or the requirement is otherwise excused, (2) "extraordinary and compelling reasons" warrant a reduction of his sentence, and (3) a reduction is consistent with the factors set forth in section 3553(a). Courts have addressed these factors in sequence. *See United States v. Leonard*, No. CR 16-75-RGA, 2020

WL 3207085, at *2 (D. Del. June 15, 2020)[1] (citing *United States v. Washington*, 2020 WL 1969301 (W.D.N.Y. April 24, 2020)).

Here, there is no dispute that Defendant has satisfied the exhaustion requirement. (D.I. 256 at 3). Defendant argues that she should be released to take care of her minor child because her mother in unable to do so. She asserts that her mother can no longer "properly care" for her minor child due to "injuries from her past multiple strokes and her hypertension." (D.I. 253 at 5). Defendant, however, offers no corroborating evidence to demonstrate that her mother is "incapacitated" as that term is understood in the context of § 1 B 1.13.

Courts have consulted the Bureau of Prisons ("BOP") definition of "incapacitation" when addressing compassionate release motions. *See, e.g., United States v. Al Hunaity*, 2024 WL 982044, at *5 (D.N.J. Mar. 7, 2024); *United States v. Delgado*, 2023 WL 4552890, at *2 (M.D. Pa. July 14, 2023). That definition provides that an individual is incapacitated if she (i) has a "debilitating physical illness" preventing her from "carry[ing] on any self-care and is totally confined to a bed or chair," or (ii) has a "severe cognitive deficit" such as a "traumatic brain injury." BOP Program Statement 5050.50 (Jan. 17, 2019) *see also United States v. Rooks*, 2022 WL 267899, at *6 (E.D. Pa. Jan. 28, 2022) ("To prove incapacitation, a defendant must establish a person is completely disabled or unable to carry on any self-care and are totally confirmed to a chair or bed. Moreover, it is not enough to show a potential caregiver is merely inconvenienced by the childcare or somewhat sick." ( cleaned up)).

---

[1] In *Leonard,* the court included an additional factor – that the defendant show "an absence of dangerousness," which is found in the policy statement. *Leonard,* No. CR-16-75-RGA, 2020 WL 3207085, at *2. Since *Leonard,* however, the Third Circuit has made clear that the "policy statement requiring the absence of dangerousness [is] nonbinding." *United States v. Hurd*, No. 22-1084, 2022 WL 17352168, at *1 (3d Cir. Dec. 1, 2022) (citing *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021)).

Applying the standards set out in U.S.S.G. § 1B1.13, Defendant's concerns about her family situation fall short of a showing of extraordinary and compelling reason for a sentence reduction.[2]

THEREFORE, IT IS HEREBY ORDERED that Defendant's motion (D.I. 253) is DENIED.

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge

---

[2] The Court notes that, according to the Federal Inmate locator database, Ms. Assane is currently at RRM Miami.
https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results